# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| OMER PATTERSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 11-3156-CV-S-RED ) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

## ORDER

Plaintiff Omer Patterson ("Plaintiff") seeks judicial review of the Commissioner's denial of his request for a period of disability and disability insurance benefits under Title II and for supplemental security income under Title XVI. Plaintiff has exhausted all of his administrative remedies, and judicial review is now appropriate. After carefully reviewing the record, the Court hereby **AFFIRMS** the decision of the Administrative Law Judge (the "ALJ").[1]

## BACKGROUND

The parties present complete facts and arguments in their briefs. The ALJ's decision also sets forth comprehensive findings of fact and conclusions of law. The parties' facts and arguments and the ALJ's findings and conclusions are repeated herein only as necessary to explain the Court's decision.

## LEGAL STANDARD

The Court's review is limited to determining whether the Commissioner applied the correct

---

[1] Because the Court finds that substantial evidence supports the ALJ's decision and that the ALJ applied the correct standard of law, the Court adopts much of Defendant's brief without quotation or citation.

standard of law and whether the Commissioner's findings of fact are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. §§ 405(g) and 1383(c)(3); *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999).  Substantial evidence is relevant evidence that a reasonable mind would accept as sufficient to support the Commissioner's conclusion.  *See Warburton*, 188 F.3d at 1050.  In making this determination, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *See id.*  The Court may not reverse the Commissioner's decision merely because substantial evidence supports a different result.  *See Pierce v. Apfel*, 173 F.3d 704, 706 (8th Cir. 1999).  This is true even if the Court might have weighed the evidence differently and reached a different result if a *de novo* review were applied. *Pearsall v. Massanari*, 274 F.3d 1211, 1219 (8th Cir. 2001).

To receive disability benefits a claimant must show: (1) a medically determinable physical or mental impairment that has lasted, or can be expected to last, for not less than twelve months; (2) an inability to engage in any substantial gainful activity; and (3) the inability results from the impairment.  *See* 42 U.S.C. §§ 423 (d)(1)(A), (d)(2); *see also Timmerman v. Weinberger*, 510 F.2d 439, 442 (8th Cir. 1975).  The Court reviews the ALJ's decision to determine whether the ALJ followed the Commissioner's implementing regulations, which set out a five-step, burden-shifting process for determining whether the claimant has a "disability" within the meaning of the Social Security Act.

The five steps are: (1) whether the claimant is currently engaging in "substantial gainful activity," (2) whether the claimant is severely impaired, (3) whether the severe impairment is, or is comparable to, a listed impairment precluding substantial gainful activity as a matter of law, (4) whether the claimant, with her current Residual Functional Capacity ("RFC") can meet the demands

2

of her past work, and if not; (5) whether the claimant retains the capacity to perform any other work that exists in significant numbers in the economy. *See* 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987) (discussing the five-step analysis). In the first four steps, the burden is on the claimant to prove that she is disabled. If the claimant is not able to perform her past work, the burden shifts to the Commissioner to prove that there are jobs in the national economy that the claimant can perform, although the ultimate burden of persuasion remains with the claimant. *See Harris v. Barnhart*, 356 F.3d 926, 931 n.2 (8th Cir. 2004); *see also Barnhart v. Thomas*, 540 U.S. 20, 24, 28 (2003) (noting that the existence of jobs in the national economy must be proved only at step five).

## LEGAL ANALYSIS

Plaintiff raises four main challenges to the ALJ's determination that he is not disabled. Plaintiff argues that the ALJ erred in analyzing the impact of his drug and alcohol abuse on his impairments, by failing to give controlling weight to his treating psychologist, by improperly determining his RFC, and in assessing his credibility.

**I. The ALJ did not err in conducting his drug and alcohol analysis or in weighing the opinion offered by Plaintiff's treating psychologist**

Plaintiff argues that the ALJ erred because he did not conduct a proper analysis of the impact his substance abuse has on his impairments. Plaintiff alleges that the ALJ did not indicate what evidence he relied upon to determine "that without substance abuse, [his] mental capabilities would substantially improve." (Plaintiff's Brief Doc. 7 p. 15). Plaintiff further alleges that the record contains "voluminous evidence" about his attempts to deal with his substance abuse without any indication that his substance abuse was material to his mental limitations.

The Court rejects Plaintiff's argument for several reasons. First, the Court notes that it is

Plaintiff's burden, not the ALJ's burden, to show that substance abuse is not material to an ALJ's disability determination. *Kluesner v. Astrue*, 607 F.3d 533, 537 (8th Cir. 2010). Second, the Court notes that Plaintiff's contention that the ALJ did not indicate what evidence he relied upon in making his decision is wholly without merit. In support of the proposition that Plaintiff's mental impairments improved when he stopped abusing drugs and alcohol, the ALJ noted that the Plaintiff has not been truthful about his drug use. (Tr. 454). The ALJ also noted that although Plaintiff had many instances of decompensation, such instances were related to his drug/alcohol abuse and would subside when he was given medication to help with his addiction and/or received treatment. (Tr. 247-48; 337-339; 346-; 400-01; 412; 528). Thus, contrary to Plaintiff's contention, there are medical records supporting the ALJ's decision.

Plaintiff also notes that Alwyn Whitehead, Plaintiff's treating psychologist, opined that Plaintiff's bipolar disorder and Post Traumatic Stress Disorder ("PTSD") "contributed greatly to his inability to maintain sobriety." (Tr. 669). However, as the Commissioner notes, the ALJ specifically considered Whitehead's opinion and noted that his opinion was provided more than three and one-half years after he had last seen Plaintiff as a patient. The ALJ also noted that Whitehead's opinion was not consistent with the other medical records, discussed above, which indicate that Plaintiff's drug use impacts his mental impairments and that Plaintiff's symptoms improve once his addictions are treated. *See Ellis v. Barnhart*, 392 F.3d 988, 994 (8th Cir. 2005) (noting that a treating physician's opinion is not entitled to controlling weight if it "inconsistent with the other substantial evidence in the record") (internal citation and quotations omitted). Thus, the Court agrees that Whitehead's opinion was not entitled to controlling weight and does not assist Plaintiff's burden in proving his substance abuse is not material.

4

## II. The ALJ did not err in assessing Plaintiff's RFC

Plaintiff next argues that the ALJ erred in assessing his RFC. Plaintiff first challenges the ALJ's RFC determination with respect to his physical limitations by stating that there are no medical opinions that discuss Plaintiff's physical ability in the workplace. However, Plaintiff overlooks the fact that two doctors offered opinions on Plaintiff's physical limitations and his ability to work. *See* (Tr. 691-96; 707). Plaintiff argues that the ALJ's reliance on Dr. Charles Ash's opinion is improper because Dr. Ash only relied on objective findings and specifically noted that Plaintiff has more limitations based on his subjective complaints, but Plaintiff's argument overlooks the fact that the ALJ found Plaintiff not entirely credible, and Plaintiff also fails to cite to any authority demonstrating that the ALJ erred on relying on Dr. Ash's opinion. As such, the Court rejects Plaintiff's argument.

Plaintiff also argues that the ALJ erred in determining Plaintiff's RFC with respect to his mental impairments. However, Plaintiff's argument presupposes that his mental impairments are severe absent his substance abuse, and his argument also assumes that his psychologists' opinions should have been given more weight by the ALJ. As discussed above, the ALJ made no error in his analysis and the Court therefore finds Plaintiff's argument to be without merit.

## III. The ALJ did not err in assessing Plaintiff's credibility

Finally, Plaintiff argues that the ALJ erred in assessing his credibility. In assessing Plaintiff's credibility, the ALJ discussed that Plaintiff had been involved in physical fights, which is inconsistent with someone complaining of disabling back pain, Plaintiff quit his last job after fighting with his boss, his subjective complaints were inconsistent with objective findings, and he admitted at an examination that his biggest problem preventing him from working is his boredom.

Even if Plaintiff disagrees with the ALJ's assessment of his credibility, an ALJ's credibility determination, if it is supported by the record, is entitled to deference. *Gates v. Astrue*, 627 F.3d 1080, 1082 (8th Cir. 2011). The ALJ did not misquote the record and as such, the Court rejects Plaintiff's credibility argument.

## CONCLUSION

For the reasons discussed above, the Court **AFFIRMS** the decision of the ALJ.

**IT IS SO ORDERED.**

DATED: July 24, 2012  */s/ Richard E. Dorr*
RICHARD E. DORR, JUDGE
UNITED STATES DISTRICT COURT